UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> vs. <br><br> **ALISTAIR RUFUS MCGEE**, <br><br> Defendant. | **2:10-CR-20075-TGB-RSW-3** <br><br><br> **ORDER DENYING DEFENDANT'S MOTION TO TERMINATE SUPERVISED RELEASE** <br> **(ECF NOS. 176, 178)** |

This matter is before the Court on pro se Defendant Alistair Rufus McGee's motion for early termination of supervised release (ECF Nos. 176, 178). Based on the Court's review of the motion and further review of the record in this case, the Court determines that early termination is not justified at this juncture. Accordingly, the Court **DENIES** Defendant's motion to terminate supervised release.

## I.   BACKGROUND

In February 2011, Defendant was sentenced to a 17-year term of imprisonment after a jury convicted him of conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846, 841(a), based on his role in planning an armed robbery of a Mexican drug cartel. Amended Judgment, ECF No. 99, PageID.464; Government's Opposition to Early Termination, ECF No. 180,

1

PageID.1460–61. The Court also imposed a 5-year term of supervised release following his release from custody. ECF No. 99, PageID.465.

Defendant was released from prison on August 10, 2020 after serving 115 months of his sentence with good time credit. Defendant's Supplemental Motion for Early Termination, ECF No. 178, PageID.1450. Following his release, Defendant spent six months in a Residential Reentry Center and six months in home confinement. *Id.* Defendant then began serving his 5-year term of supervised release on August 10, 2021. *Id.* at PageID.1451.

In September 2022, shortly after he first became eligible for early termination, Defendant reported that he had been fully compliant for the first 13 months of his supervised release term, while also finding "fulfilling employment," maintaining stable housing, paying all of his bills, and rebuilding "strong relationships with his children, family, [and] friends." *Id.* at PageID.1451–52. Defendant has now served approximately 15 months of his supervised release term.

The Government opposes Defendant's request for early termination of supervised release. While the Government does not contradict Defendant's statements that he has been in full compliance with his terms of release and his progress in reintegration, it points out that compliance and productive employment are insufficient to justify early termination. ECF No. 180, PageID.1463. Moreover, the Government generally argues that the 18 U.S.C. § 3553 factors weigh against early

termination. Because Defendant received the mandatory minimum term of supervised release for his offense, the Government contends that the full 5-year term of supervised release "is necessary to afford adequate deterrence," and releasing Defendant early would pose a danger to the public. *Id.* at PageID.1464–65. The Government further explains that Defendant should remain on supervised release because "one of the special conditions of McGee's supervised release prohibits him from frequenting any gambling casinos or places where gambling takes place." *Id.* at PageID.1464. Given Defendant's gambling addiction, the Government insists that without this supervised release condition, Defendant is more likely to "laps[e] into recidivism" if he does not have the "structure and accountability" of supervised release. *Id.*

## II.    LEGAL STANDARD

Pursuant to 18 U.S.C. § 3583(e)(1), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Section 3583(e) further instructs courts to consider pertinent factors outlined by 18 U.S.C. § 3553(a) in assessing whether early termination is appropriate.

While § 3583(e) plainly requires courts to evaluate the defendant's conduct on supervised release, "the phrase 'the interest of justice' gives the district court latitude to consider a broad range of factors in addition

to an individual's behavior in considering whether to terminate the supervised release period." *United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003). "[T]he statute clearly indicates that a district court must conclude that the early termination of supervised release is warranted both by the individual's conduct and also by the interest of justice." *Id.*

## III.  DISCUSSION

After considering the § 3553(a) factors, Defendant's conduct, and the interest of justice, the Court finds early termination of supervised release inappropriate at this juncture. Although the Court commends Defendant on his diligence in complying with his supervised release terms, obtaining stable employment, and prioritizing his relationships with family and friends, these positive factors are insufficient to support early termination.

The Court agrees with the Government that the § 3553(a) factors counsel against early termination here. Based on the severity of the underlying crime, Defendant's history of violent crime, and Defendant's gambling addiction, supervised release is a necessary deterrent to help Defendant stay on the right track.

Relatedly, where the underlying crimes involve drug trafficking, continuing supervised release is in the interest of justice and public safety. *See Suber*, 75 F. App'x at 444; *United States v. Parker*, No. 08-228, 2019 WL 722910, at \*2 (E.D. Ky. Feb. 20, 2019) ("Ultimately, this Court takes drug crimes seriously and early termination of supervised release

in this matter does not serve the purpose of protecting the public, weighing against early termination.").

Lastly, as the Government makes clear, a 5-year term of supervised release is the minimum length available under the Sentencing Guidelines for Defendant's offense. As such, the Court is concerned that terminating Defendant's supervised release after he has served only one-quarter of his term will result in unwarranted sentencing disparities.

Because the § 3553(a) factors and the interest of justice weigh against granting early termination, the Court must deny Defendant's motion for early termination of supervised release. The Court reiterates that Defendant's compliance with his terms of release and the progress he has made to reintegrate into his community are commendable. The Court encourages Defendant to continue building on this progress, and to utilize the assistance of the Probation Department to obtain any treatment, training, employment, counseling, or other services that he needs to manage his transition. Consideration of a request for early termination from supervised release may be appropriate after Defendant has served more than one-half of his supervised release term. But for the reasons stated herein, early termination is premature at this time.

## IV.   CONCLUSION

For the reasons stated above, Defendant's motion to terminate supervised release is **DENIED**.

6

**IT IS SO ORDERED.**

Dated: November 14, 2022   s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE